UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CHRISTA DIAN MILES, | ) | Case No.: 21-10151 M |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JANA FORD, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No.: 21-_____-M |
| | ) | |
| CHRISTA DIAN MILES, | ) | |
| | ) | |
| Defendant. | ) | |

C O M P L A I N T
[11 U.S.C. § 523, 727]

COMES NOW the Plaintiff, JANA FORD, ("Ford,") by counsel, and for her causes of action against the above-captioned Defendant, alleges and states:

Jurisdictional, Common and General Factual Allegations

1. Debtor Defendant above-named filed her voluntary petition under Chapter 7 of the Bankruptcy Code[1] on February 9, 2021 ("underlying proceeding.")  In re Christa Dian Miles, Case no. 21-10151-M, United States Bankruptcy Court for the Northern District of Oklahoma.  This proceeding arises thereunder.

2. Plaintiff is an Oklahoma licensed attorney, whose business is located at 206 E Eufaula St., Norman, Cleveland County, Oklahoma 73069.

3. Defendant CHRISTA DIAN MILES fka CHRISTA DIAN MURPHY ("Debtor") is an individual residing at 9022 South 77th East Place, Tulsa, Tulsa County, Oklahoma 74133 and may be served process there.

---

[1] 11 U.S.C. § 101 (2012) et seq.

4      Plaintiff is an unsecured creditor of the Debtor. Plaintiff seeks an exception to discharge pursuant to 11 U.S.C. § 523(a)(2) or alternatively, denial of discharge pursuant to 11 U.S.C. § 727(a), (c).

5      This Court has jurisdiction under 28 U.S.C. § 1334 (2006). Venue is proper under Id. § 1409(a). This is a core proceeding under Id. § 157(b)(2)(E). Plaintiff consents to entry of final orders by the bankruptcy court.

Specific Fact Allegations

6      All previous allegations made herein are adopted and re-alleged as though fully set forth.

7      Plaintiff represented Defendant in a marital dissolution proceeding in Canadian County, Oklahoma. Murphy v Murphy, Case no. FD-2014-86, District Court of Canadian County, State of Oklahoma (the "Divorce.")

8      Plaintiff assisted Debtor in prevailing on issues of joint custody of three children, child support, and support alimony in the Divorce.

9      Plaintiff assisted in Debtor in obtaining certain property division awards in the Divorce, including two retirement accounts, to-wit, a Roth IRA, and a 401K, collectively valued at about $27,700.00. Additionally, the cash value of life insurance policies for the minor children, a cash value life insurance policy for the Debtor, a wedding set valued at more than $5,000.00, and two firearms valued collectively between $675.00 and $975.00.

10      Upon information and belief, Debtor has substantially understated the value of her current wedding ring on Schedule B.

11      None of the aforesaid assets are scheduled on Debtor's Schedule B, or alternatively,

      Debtor does not disclose the particulars of the disposition of these assets on the Statement of Financial Affairs.

12    Near the conclusion of the Divorce, a check was issued jointly to Debtor and Plaintiff. Plaintiff asserted a lien on this money. Debtor carried this check for some period without cashing it or seeking Plaintiff's signature. Defendant thereafter sought to have another check issued solely in her name. This request was denied by opposing counsel who was holding the funds in trust. Debtor then gave false assurances that Plaintiff's bill would be paid by her mother. Debtor wanted to pay her former spouse $16,000.00 for his consent to move the minor children to Tulsa, in abrogation of the terms of the Joint Custody Plan approved by the court. Such assurances were made by Debtor to Plaintiff repeatedly, and in writing. Plaintiff assented and released her lien, based upon the representations made by Debtor that her mother, a person with substantial resources, would pay. Notwithstanding all demands, no one paid the bill.

13    Because of Debtor's misrepresentations, Plaintiff was induced to forego filing a timely fee motion against the opposing party in the Divorce.

14    Plaintiff sued Debtor for the attorney fees owed by the Debtor. <u>Ford v Murphy</u>, Case no. CJ-2017-570, in the District Court of Canadian County, State of Oklahoma. Plaintiff sought recovery in the amount of $60,912.53, plus interest, costs, and attorney fees. Debtor filed the instant bankruptcy after unsuccessfully attempting to elude payment with a bar complaint that was dismissed. That civil case is still pending and stayed by the underlying bankruptcy.

15    Upon information and belief, Debtor and Debtor's non-filing spouse, jointly own an

interest in three (3) CBD stores and two (2) dispensaries located in Tulsa and Utah. The Utah store is a limited liability company registered in Utah, using the Debtor's home address in Tulsa. Debtor has not disclosed her interest in either business. Debtor did disclose that her name was removed from two checking accounts held jointly with her non-filing spouse, on January 29, 2021, just eleven (11) days before the underlying petition was filed. The balance of the accounts at time of closing is listed as, "unknown."

16  Debtor has published several statements that tend to prove her ownership interest in one or more non-disclosed businesses. Upon information and belief, Debtor is working at the Tulsa store, assisting her husband.

17  Schedule I question 18 states that Debtor pays $500.00 per month in child support. Debtor signed a declaration under penalty of perjury that the information is accurate. Upon information and belief, Debtor does not pay child support, but rather, receives child support.

18  Debtor has listed numerous debts for which, upon information and belief, she is not liable. Upon further information and belief, such misrepresentations are intended to mask the fact that the underlying petition is primarily a two-party dispute.

### COUNT I – EXCEPTION TO DISCHARGE 11 U.S.C. § 523(a)

19  All previous allegations made herein are adopted and re-alleged as though fully set forth.

20  Plaintiff granted Debtor an extension of credit concerning payment for legal services, in order to complete the Divorce at Debtor's request.

21  Debtor lied to Plaintiff to obtain such credit, by alternatively, false pretenses, false

representations, or actual fraud.  Debtor knew that the legal fees would not be paid at the time she persuaded Plaintiff to release her lien.  The assurance that her mother would pay off the credit was knowingly and willfully false, intended to deceive the Plaintiff.

22. Plaintiff was in fact deceived, resulting in a release of the attorney's lien, and extension of credit for services to the Debtor, and foregoing filing a timely fee motion against the opposing party.  Plaintiff reasonably relied on the false statements of Debtor.  Plaintiff was harmed and suffered monetary damages in excess of $60,000.00 because of said reliance.

23. The debt owed to Plaintiff should be liquidated herein and excepted from discharge.

### COUNT II – DENIAL OF DISCHARGE 11 U.S.C. 727(a), (c).

24. All previous allegations made herein are adopted and re-alleged as though fully set forth.

25. The Debtor did, with the intent to alternatively, hinder, delay or defraud all creditors in this case, removed, transferred or concealed property of the Debtor within one year prior to the filing of the underlying petition.  Specifically, Debtor's removal of herself from title on joint bank accounts just days prior to filing bankruptcy without disclosing the amount of money on account, manifests an intent to hinder, delay or defraud creditors.  Upon further information and belief, Debtor is intentionally concealing her interests in multiple CBD or marijuana businesses.

26. Debtor knowingly and fraudulently made a false oath by making false declarations on her bankruptcy documents, by omitting to disclose or undervaluing assets or the transfer of assets.

27. Debtor has made no satisfactory explanation concerning the dissipation of money and assets awarded to her under the terms of the Divorce.

28. Debtor's discharge should be denied alternatively pursuant to 11 U.S.C. § 727(a)(2), (3), (4), (5).

WHEREFORE, the Plaintiff prays that the debt owed to her by the Debtor be liquidated and excepted from discharge, or alternatively, that Debtor be denied a discharge, together with her costs, and attorney fees, and for such other and further relief as the court deems just and proper.

JANA FORD, PLAINTIFF CREDITOR

/s/ B David Sisson

B. DAVID SISSON, OBA # 13617
LAW OFFICES OF B. DAVID SISSON
305 E Comanche St. / P. O. Box 534
Norman, OK  73070-0534
Telephone No. 405.447.2521
Facsimile No. 405.447.2552
Email: sisson@sissonlawoffice.com

ATTORNEY FOR PLAINTIFF